In the Matter of José **BENITEZ GAU-TIER**, José Luis Benítez Noya, Ramón Benítez Noya, José Benítez Gautier e Hijos.

Nos. B1, B2, B3 and B75–68.

United States District Court,
D. Puerto Rico.
July 15, 1970.

Benjamín Rodríguez Ramón, San Juan, P.R., for petitioner.

Baragaño, Trias, Saldaña & Francis, San Juan, P.R., for Banco Popular.

## ORDER

FERNANDEZ-BADILLO, District Judge.

The Court is sitting in review upon an order of the referee in bankruptcy dated November 29, 1968. The given facts prior to the entry of said order are briefly related hereafter.

Banco Popular de Puerto Rico filed a Petition In Involuntary Bankruptcy on January 3, 1968 in which it was alleged, among other things, that José Benítez Gautier, José Luis Benítez Noya and Ramón Benítez Noya, doing business as Benítez Gautier e Hijos, a partnership, has had their principal place of business at 867 Muñoz Rivera Avenue, San Juan, Puerto Rico, and that while insolvent and on September 5, 1967 said José Benítez Gautier, José Luis Benítez Noya and Ramón Benítez Noya representing José Benítez Gautier e Hijos committed an act of bankruptcy in that they made a transfer of substantially all their properties and assets, to National Insurance Company, a creditor, whereby said insurance company obtained payment of a greater percentage of the respective debts due it than other creditors of the same class. Petitioner prayed that "service of this petition, with a subpoena, may be made upon José Benítez Gautier, José Luis Benítez Noya and Ramón Benítez Noya as provided in the Act of Congress relating to bankruptcy, and that they may be adjudged by the court to be bankrupt both as a partnership and as individuals within the purview of said Act." On February 1, 1968 the undersigned judge adjudicated them bankrupts under the caption "d/b/a José Benítez Gautier e Hijos, a partnership." No separate case number was assigned the partnership.

On October 15, 1968 Banco Popular filed a Motion of Petitioning Creditor asserting that to that date the referee had not ruled on a previous motion filed

by bankrupts on July 19, 1968 requesting a ruling on the status of José Benítez Gautier e Hijos, a partnership since no filing fees were paid for the petition against the partnership. Banco Popular contended that it tendered the filing fee for the partnership but the same was not collected by the Clerk and expressly averred in its motion that:

"Banco Popular de Puerto Rico, as any legal defense regarding the subject matter related in the motion filed by bankrupts, wants to deposit the amount of $50.00 to pay the filing fees allegedly required for the adjudication of the partnership."

The referee issued an order on November 29, 1968 holding:

"* * *[I]t is proper that the petition of the Banco Popular de P.R. should prosper, that case No. B–75–68 should be processed as an involuntary petition of the bankrupt partnership, that the filing date thereof should date back to January 3, 1968 when the original petition was filed, and that the $50.00 tendered be deposited by the Clerk, U.S. District Court in the manner and form in which bankruptcy fees are normally deposited."

The partnership, aggrieved by this order, petitioned this Court to review it and contended "that if the petition filed by Banco Popular of Puerto Rico on October 15, 1968 should be deemed sufficient in law, then it may only be given effect from that date on." In its brief in support of its Petition to Review the partnership argues that the separate legal entity theory must be applied. It relies heavily on the case of J. T. Gibbons v. Picó Piñán, 90 P.R.R. 58 (1964) which essentially holds that the partners' liability in a civil partnership is limited to the property contributed to the same. The Supreme Court established distinctions in the *Gibbons* case between the four types of partnership which have been adopted in Puerto Ri-

can law. After going into some detail into the provisions of its deed of constitution, the Court there concluded as follows:

"Considering the object (italics) for which this partnership was created it is unquestionable that it is an agricultural partnership of a civil nature and considering its clauses of partnership retribution, the contract executed is one of *universal partnership of profits* * * *."

Petitioner affirms in its memorandum that "José Benítez Gautier e Hijos is a civil partnership, engaged in the construction business, and organized by two engineers and a contractor" and further on contends "that according to *Gibbons, supra,* it is a civil partnership, whose three only partners are *limited* and not *general* partners." Therefore, petitioner argues, since this civil partnership is a legal entity separate and distinct from its members and since filing fees were not deposited with the Clerk until October 5, 1968 it is this date which must prevail as the "date of bankruptcy" for the partnership.

The Court has no quarrel with this theory which is recognized not only by local law but also by the Bankruptcy Act, 11 U.S.C. § 23, subdivisions (a) and (k). However there is no evidence in the record before it that would support a finding that the partnership José Benítez Gautier e Hijos is of a civil nature as is urged upon us. The referee stated in his order that "the partnership created by public deed, nor private deed; thus it would *seem* to be a civil partnership within the meaning of Section 1558 of the Civil Code" (emphasis supplied). That is the only reference to its civil nature. Petitioner has simply stated categorically, without more, that it is a civil partnership "according to Gibbons."

■ Furthermore, the finding of fact[1] contained in the Referee's Certifi-

---

1. The findings of fact of a referee must be adopted by the reviewing court unless clearly erroneous.

cate on Review concerning the matter of the filing date of the partnership's fee is quite significant in the issue contested herein. The referee specifically found that:

"The four cases listed in the heading above related in that the individual bankrupts in Bankruptcy Nos. B–1–68, B–2–68, B–3–68, are the persons who compose the partnership José Benítez Gautier e Hijos, the bankrupt in B–75–68. In the original involuntary petitions filed by the creditors, the three individuals were named as well as the partnership. However, only three filing fees were receipted for by the Clerk, and they were applied to the individual cases. The attorneys for the Banco Popular have verbally alleged, and such allegation has not been contested or disputed before me, that they tendered four filing fees in January 3, 1968 when the original petition was filed but that the Clerk would only accept three; this allegation has been treated as a fact by the Referee in preparing the order sought to be reviewed. Subsequently, the Banco Popular moved for an order that the partnership was also a bankrupt and, at this time, October 15, 1968, tendered an additional filing fee of $50.00."

This being so, the Court is of the view that the entire record indicates that it was the creditor's clear intention to obtain the adjudication in bankruptcy of the partnership as an entity apart and distinct from its members. The fact that the Clerk did not collect the filing fees tendered on January 3, 1968 should not be held against the creditor in these circumstances.

For the reasons aforestated, the order of the referee dated November 29, 1968 is Affirmed and the Petition to Review is hereby denied.